Anna M. Martin, SBN 7079
Email: amartin@kantorlaw.net
KANTOR & KANTOR, LLP
316 California Avenue, Suite 216
Reno, NV 89509
Telephone: (877) 783-8686
Facsimile: (818) 350-6272

Jaclyn D. Conover (*pro hac vice*)
Email: jconover@kantorlaw.net
Timothy J. Rozelle (*pro hac vice*)
Email: trozelle@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, CA 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
LYNNICE KANTOR


Kristina N. Holmstrom
kristina.holmstrom@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Esplanade Center III, Suite 800
2415 East Camelback Road
Phoenix, AZ 85016
Telephone: 602-778-3700
Fax: 602-778-3750

Attorneys for Defendant,
LIFE INSURANCE COMPANY OF NORTH AMERICA

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| LYNNICE KANTOR, <br><br> Plaintiff, <br><br> vs. <br><br> LIFE INSURANCE COMPANY OF NORTH AMERICA, a subsidiary of CIGNA Corporation, <br><br> Defendant. | CASE NO: 3:23-cv-00325-LRH-CLB <br><br> **ORDER GRANTING STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS PRODUCED IN LITIGATION** |

Pursuant to Federal Pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 26(f), the parties through their respective counsel, hereby submit the following *Stipulated Protective Order*.

## I.   RECITALS

WHEREAS, the parties to the above-captioned litigation anticipate that discovery will require the parties to disclose records and information that are confidential and sensitive, including employment information, medical information, business information, and financial information.

WHEREAS, the parties seek to protect and prevent the improper dissemination of such confidential and private records and information to third parties, during the course of litigation and after the litigation has ended.

## II.   STIPULATION

THEREFORE: the parties, by and through their respective counsel of record, hereby stipulate and request the Court issue an Order (*"Stipulated Protective Order"*), protecting the confidential nature of certain records and information as may be produced during the course of the above-captioned matter, as follows:

1.   Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL." Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party. This may include, but is not limited to, trade secret or other confidential research, development, financial, customer related data or other commercial information, sensitive employment information, and sensitive health information. Confidential Information shall be so designated by marking the respective pages of the document, and where appropriate, the entire document with the legend "CONFIDENTIAL." Any such designation shall be precise and specific as to the document or parts of documents designated as "CONFIDENTIAL," including identification by Bates number.

2.   Documents made available for inspection in response to a request for production need not be marked "CONFIDENTIAL" prior to inspection. However, the producing party following an

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

1  inspection can mark those documents designated for copying that contain Confidential Information as "CONFIDENTIAL".

3.  Designation of materials as "CONFIDENTIAL" shall not operate as an admission by any party receiving the materials that the information is or is not: (a) confidential; (b) privileged; (c) relevant; or (d) admissible in evidence at trial.

4.  Other individuals or entities producing documents or information in this lawsuit, including individuals or entities responding to subpoenas, may use the "confidential" designation under this Order consistent with their legitimate interests to protect information that they deem to be confidential or proprietary.

5.  Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

a.  The deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

b.  The disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff, associates, and all other employees of such counsel who are assisting in the prosecution and/or defense of this suit), the court reporter, and the person(s) agreed upon pursuant to paragraph 8, below; and

c.  The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court

6.  All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7. Information designated "CONFIDENTIAL" may be viewed only by: (a) The parties to this Action; (b) Counsel (as defined in paragraph C, above); (c) Independent experts; potential expert witnesses or consulting experts; clerical employees associated with such experts; and actual or potential deposition or trial witnesses identified in this Action. Prior to receiving any Confidential Information, each of the above-listed individuals must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the parties shall maintain a copy of all Agreements signed by such persons and shall furnish copies to opposing counsel for all individuals falling into this category other than consulting experts. No Confidential Information shall be disclosed to any person who refuses or has failed to sign the Agreement. In the event any person who has signed an Agreement refuses to comply therewith or fails to adhere to the terms thereof, Counsel shall make no further disclosure to such person and shall immediately notify opposing counsel in writing; (d) The Court and any Court staff and administrative personnel; (e) Any court reporter employed in this litigation and acting in that capacity; and (f) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action.

8. All information that has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation, but only during the course of this litigation. The principals, employees or other agents of the parties who received information prior to and apart from this litigation that was subsequently disclosed in this litigation as being "CONFIDENTIAL" may also retain copies of that information as is necessary for use in their respective businesses.

9. Materials designated "Confidential," and all information in them, may be discussed or referred to in pleadings, motions, affidavits, briefs, or other papers filed with the Court, or attached as

exhibits to them, provided the parties comply with the procedures in LR 1A-10-5 and provided that such "Confidential" materials and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "Confidential."

10. Confidential Information and materials designated "CONFIDENTIAL" shall be used solely for the prosecution or defense of this action. A party who wishes to use Confidential Information and/or materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party. The receiving party's request must identify the Confidential Information and/or materials designated "CONFIDENTIAL" that the receiving party wishes to use, and identify the purpose for which it wishes to use Confidential Information and/or materials designated "CONFIDENTIAL." If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request. In the event any party files a motion seeking to use Confidential Information and/or materials designated "CONFIDENTIAL" for a purpose other than the prosecution or defense of this action, the Confidential Information and/or materials designated "CONFIDENTIAL" shall be submitted to the Court, under seal, for an in-camera inspection, or otherwise submitted for review in accordance with any relevant Court orders. Any Confidential Information and/or materials designated "CONFIDENTIAL" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

11. At any stage of these proceedings, any party may object to a designation of materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. In the event any party files a motion challenging the designation or redaction of information, the document shall be submitted to the Court, under seal, for an in-camera inspection, or otherwise submitted for review in accordance

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

with any relevant Court orders. The materials at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the objection or the matter has been otherwise resolved. In any challenge to the designation of materials as Confidential, the burden of proof shall be on the party seeking protection.

12. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this action. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give prompt written notice to the receiving party that the materials produced are deemed Confidential Information, and that the materials produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the producing party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the producing party in writing of each such

disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL."

15. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

17. Materials designated "Confidential," and all information in them or derived from them, may be used or offered into evidence at the trial of this suit, or at any hearing in this litigation. The party intending to offer material designated "Confidential" must give the party that designated the materials "Confidential" sufficient advance notice to seek protection or relief from the Court.

18. This Order is entered for the purposes of providing appropriate confidentiality protections and facilitating the production of documents and information without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of the Protective Order nor any proceedings pursuant to this Order shall be deemed: (a) to have the effect of an admission or waiver by either party; or (b) to alter the confidentiality or non-confidentiality of any document or information; or (c) to alter any existing obligation of any party or the absence thereof. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection

from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

20. Nothing in this Protective Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped Confidential Information.

21. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

22. Within thirty (30) days of the final termination of this action, including any and all appeals, Counsel for each party must purge all Confidential Information from all machine-readable media on which it resides and must either (a) return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or (b) destroy same. With respect to paper copies, return or destruction of Confidential Information is at the option of the producing party. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information, after the conclusion of this litigation.

23. Any party may designate as "CONFIDENTIAL" any materials that were produced during the course of this action without such designation before the effective date of this Order, as follows :

    a. Parties to this action may designate such materials by sending written notice of such designation, accompanied by copies of the designated materials bearing the appropriate legend of "CONFIDENTIAL" to all other parties in possession or custody of such previously undesignated materials. Any party receiving such notice and copies of designated materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated materials in its custody or possession.

    b. Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated materials or information of the effect of such designation under this Order.

    c. All such designations must be made within thirty (30) days of the date of this Order.

24. Transmission by e-mail or facsimile is acceptable for all notification purposes within this Order.

25. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

26. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record.

27. This *Stipulated Protective Order* may be amended, without prior leave of the Court, by the agreement of counsel for the parties in the form of a stipulation and order that shall be filed in this

case. Nothing herein shall be construed so as to prevent any party from seeking relief from this *Order* at any time; and

28.     The parties reserve their rights to assert the confidentiality of documents and information produced irrespective of their production pursuant to this *Stipulated Protective Order*.

DATED: November 2, 2023          KANTOR & KANTOR, LLP

By:     /s/ *Timothy J. Rozelle*
      Anna M. Martin
      Jaclyn D. Conover
      Timothy J. Rozelle
      Attorneys for Plaintiff
      LYNNICE KANTOR

DATED: November 2, 2023          OGLETREE, DEAKINS, NASH, SMOAK &STEWART, P.C.

By:     /s/ *Kristina N. Holmstrom*
      Kristina N. Holmstrom
      Attorneys for Defendant LIFE INSURANCE COMPANY OF NORTH AMERICA

**ORDER**

The Court will only retain jurisdiction over this stipulated protective order while the case is pending, and its jurisdiction will cease upon dismissal of the case.

**GOOD CAUSE APPEARING**, the Court hereby approves the foregoing Agreement.

**IT IS SO ORDERED.**

Dated:  November 3, 2023.

By: _____
The Honorable Carla Baldwin
United States Magistrate Judge